IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-60620 CIV-DIMITROULEAS /TORRES

KYLIE LARKIN, a minor, by
Her parent and next friend,
Erin Larkin,

        Plaintiff,

v.

BROWARD COUNTY SCHOOL BOARD,
BROWARD COUNTY SCHOOL DISTRICT,
CHANCELLOR BEACON ACADEMIES, INC.,
And FRANK TILL, in his official capacity as
Superintendent,

        Defendants.

## COMPLAINT

### NATURE OF THE ACTION

1.    This action is brought by Mrs. Larkin and seeks enforcement of the provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.S. §§1400-1415, including reimbursement of costs under IDEA. Plaintiff also seeks injunctive relief and damages under §504 of the Rehabilitation Act of 1973, 29 U.S.C.S. §794, 42 U.S.C.S. §12101 of the Americans with Disabilities Act (ADA) for the denial of free appropriate education ("FAPE") and 42 U.S.C.S. §1983 claim.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C.S. § 1415(i)(3), 42 U.S.C.S. §1983 and 28 U.S.C.S. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C.S. §1391(b).



## PARTIES

3.  Plaintiff Erin Larkin is the mother of a child with a disability, autism (Asperger's Syndrome) and mild Cerebral Palsy. Her child is entitled to special education and related services in Broward County, Florida, where they resided during the time of the action giving rise to this Complaint.

4.  Defendant Frank Till is the superintendent of the School Board of Broward County.

5.  Defendant Broward County School Board is established by the laws of the State of Florida with the responsibility of providing education, including special education, to disabled children residing in Broward County. The Broward County School Board receives federal funds from the United States Department of Education pursuant to the Individuals with Disabilities Education Act (IDEA).

6.  Chancellor Beacon Academies, Inc. is a charter school established under Florida Law.

## FACTUAL ALLEGATIONS

7.  Kylie Larkin is an eight-year-old girl with autism (Asperger's Syndrome) and mild Cerebral Palsy. Kylie is entitled to and receives special education services under the IDEA, including speech/language therapy and occupational therapy.

8.  On May 17, 2001, an individual education plan (IEP) was developed for Kylie and to be implemented at Chancellor Charter School at Weston, where Kylie attended kindergarten and first grade during the 2001-2002 and 2002-2003 school years.

9.  Within a couple of months after starting at Chancellor, Kylie's behavior deteriorated.

10. Because of Kylie's disruptive behavior, she was being removed from class for short periods of time.

11. In addition, Ms. Hill, the principal of Chancellor, intentionally kept Kylie from participating in school social activities by requesting Erin Larkin either keep Kylie home from school, pick her up early or attend the activities with her on the day the events were taking place.

12. Upon information and belief, Ms. Hill did not want Kylie Larkin at Chancellor and wanted her to leave Chancellor.

13.     In or about mid-September, 2001, Erin Larkin requested an interim IEP meeting as a result of her concerns that Kylie's behavior was affecting her learning and that her IEP needed to be revised or modified.

14.     At the time of the request, even though the accommodations in Kylie's IEP of May 17, 2001, called for behavioral strategies in all classes, none had been developed or implemented by Chancellor.

15.     On November 1, 2001, an IEP interim review took place, at which time, Erin Larkin consented for psychological evaluation services and a discussion was held involving Kylie's need for interventions, such as social skills training, which was to be included as a goal on her IEP. The intervention was not included as a goal of Kylie's IEP.

16.     Only after a referral for psychological evaluation and the School Board's program specialist and behavioral program specialist recommended that Chancellor collect data to develop a behavioral plan was a Behavior Intervention Plan (BIP) finally completed for Kylie by Chancellor on May 23, 2002, over a year after the IEP was developed.

17.     In or about June 3, 2002, the IEP committee met and determined that the service of support for independent functioning and social skills needed to be added; added to the transportation needs was "supervision" for Kylie on and off the bus at the school site; and occupational therapy was to be provided during the extended school year.

18.     Chancellor failed to provide Kylie with two hours of occupational therapy during the extended school year.

19.     In addition, Chancellor failed to provide Kylie with bus transportation even though it was part of her IEP and despite Erin Larkin's repeated requests during the 2001-2002 school year and part of the 2002-2003 school year.

20.     On or about September 19, 2002, Erin Larkin requested a due process hearing from the Broward County School Board to, among other reasons, resolve the numerous problems she was having at Chancellor concerning Kylie's IEP and implementation thereof.

21.     Beginning, October 24, 2002, Errol H. Powell, a designated Administrative Law Judge of the State of Florida Division of Administrative Hearings, convened a special education due process hearing to address the issues in dispute. The hearing continued over 25 non-consecutive days ending on August 21, 2003.

3

22. The issue for determination was whether Broward County School Board failed to provide Kylie a free appropriate public education.

23. In the Final Order issued on April 9, 2004, the Administrative Law Judge ordered that:

    (1) during the 2001-2002 school year, the Broward County School Board failed to provide Kylie Larkin with free appropriate public education as to the behavioral intervention plan and the psychological re-evaluation, in violation of the IDEA;

    (2) during the 2001-2002 and part of the 2002-2003 school years, the Broward County School Board unreasonably failed to provide Kylie Larkin with the service of bus transportation in violation of the IDEA; and

    (3) Kylie Larkin is entitled to two hours of occupational therapy in compensatory education.

24. During the course of the due process proceedings, Erin Larkin, who represented her child without legal counsel, requested reimbursement for expert witness fees and out-of-pocket expenses, including, but not limited to child care expense, parking, postage, facsimile and other related costs.

25. The Administrative Judge opined that only the court has jurisdiction to award attorneys' fees and costs under IDEA.

26. All administrative remedies and requirements have been exhausted and/or waived.

27. Plaintiff has filed the instant action within thirty days of the Final Order.

28. Plaintiff has been obliged to retain an attorney, and to become obligated for the payment of reasonable fees and costs in this matter.

## COUNT I

### Violation of Individuals with Disabilities in Education Act

Plaintiff realleges and incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. The District Court is authorized by IDEA to award prevailing parties reasonable attorneys' fees and related costs.

30. Plaintiff incurred costs and expert witness fees in an effort to enforce her rights under IDEA and she prevailed.

    **WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Issue judgment for Plaintiff and against Defendant.

(2) Declare that Defendants have violated Plaintiff's rights under IDEA.

(3) Order Defendants to reimburse Plaintiff for costs, including expert witness fees, in addition to attorneys' fees and costs for the representation provided in this action.

(4) Order any such other and further relief as the Court deems just and proper.

## COUNT II

### Violations of §504 of the Rehabilitation Act

Plaintiff realleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

31.     Section 504 of the Rehabilitation Act ("Section 504") states that "no otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…." 29 U.S.C. §794.

32.     Plaintiff has a physical or mental impairment that substantially limits one or more major life activities and is a "qualified handicapped person" within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and its implementing regulations.

33.     The Defendants are recipients of federal financial assistance that operate programs or activities within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and its implementing regulations.

34.     Plaintiff requested reasonable accommodation for her disability through her IEP.

35.     Defendants have failed to provide such accommodations, or have failed to provide them in a timely manner depriving Plaintiff of free appropriate public education.

36.     Plaintiff, solely by reason of her disability, was excluded from the participation in, was denied the benefits of, or was subjected to discrimination by the Defendants, by the following acts which included, but were not limited to:

(1) intentionally denying Plaintiff the opportunity to participate in social events, such as Fall Fest and Field Day;

(2) unreasonably failing to provide Plaintiff with bus transportation;

(3) denial of free appropriate public education by failing to implement Plaintiff's IEP and the unreasonable and excessive delay in developing and implementing a

Behavior Intervention Plan, which deprived Plaintiff of academic access to her class; and

(4) failing to obtain adequate resources to implement Plaintiff's IEP.

37. Through Defendants' acts and omissions described herein, Defendants have violated the Rehabilitation Act by excluding Plaintiff from participation in, denying her the benefits of, and subjecting her to discrimination in the school.

38. As a direct and proximate result of Defendants' violation of the Rehabilitation Act, Plaintiff has suffered emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

**WHEREFORE,** Plaintiff respectfully requests the Court to issue an injunction preventing Defendants from withholding reasonable accommodation in the future. Plaintiff demands compensation for all compensatory damages allowed by law, interest, attorneys' fees, and such other relief allowed by law.

## COUNT III

### Violation of Title II of the Americans with Disabilities Act

Plaintiff realleges and incorporates Paragraphs 1 through 28, 33 through 38, as if fully set forth herein.

39. Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131-12134, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."

40. Defendant School Board is a governmental entity within the meaning of Title II of the ADA.

41. Plaintiff is a "qualified individual with a disability" within the meaning of Title II of the ADA in that Plaintiff has a physical or mental impairment that substantially limits one or more major life activities.

42. The substantial limitation has been both because of the disability and because of the discrimination by Defendants in failing to provide appropriate programs or provide needed modifications under Plaintiff's IEP.

43. Through Defendants' acts and omissions described with particularity in Paragraphs 36 through 38 above, Defendants have violated Title II of the ADA by excluding Plaintiff from participation in, denying her the benefits of, and subjecting her to discrimination in the school.

44. In all of this, Defendants have acted under color of state law, regulation, usage or ordinance and deprived Plaintiff and threatened to deprive Plaintiff of rights, privileges or immunities secured to her by the laws of the United States in violation of 42 U.S.C. §1983. Defendant School Board is a local government entity, is a "person" subject to suit within the meaning of 42 U.S.C. §1983 and is liable for the acts and omissions of itself, and/or of its employees, and either has delegated or ratified their discriminatory acts.

45. Defendants have acted with deliberate indifference to the federally protected rights of the Plaintiff.

46. As a direct and proximate result of Defendants' violation of the Rehabilitation Act, Plaintiff has suffered emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

**WHEREFORE**, Plaintiff respectfully requests the Court to issue an injunction preventing Defendant from withholding reasonable accommodation in the future. Plaintiff demands compensation for all compensatory damages allowed by law, interest, attorneys' fees, and such other relief allowed by law.

## Count IV
### Violation of 42 USC § 1983

Plaintiff realleges and incorporates Paragraphs 1 through 45 as if fully set forth herein.

47. In all of this, Defendants have acted under color of state law, regulation, usage or ordinance and deprived Plaintiff and threatened to deprive Plaintiff of rights, privileges or immunities secured to her by the laws of the United States in violation of 42 U.S.C. §1983.

48. Defendant School Board is a local government entity, and a "person" subject to suit within the meaning of 42 U.S.C. §1983 and is liable for the acts and omissions of itself, and/or of its employees, and either has delegated or ratified their discriminatory acts.

7

49. Defendants have acted with deliberate indifference to the federally protected rights of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully demands judgment from the defendants for all compensatory damages allowed by law, interest, attorneys' fees, and such other relief allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

                              SHOOSTER & KLEINMAN, P.A.
                              Attorneys for Plaintiff
                              777 South State Road 7
                              Margate, Florida 33068
                              Telephone: 954-969-3900
                              Facsimile: 954-969-3911
                              tiffanyk@globalresponse.com

By: _____
                              Frank M. Shooster
                              Fla. Bar No.: 358045
                              Tiffany B. Kleinman
                              Fla. Bar No.: 0133190

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
KYLIE LARKIN, a minor, by her parent and next friend, [illegible] Larkin,

**DEFENDANTS**
BROWARD COUNTY SCHOOL BOARD, BROWARD COUNTY SCHOOL DISTRICT, CHANCELLOR BEACON ACADEMIES INC, and FRANK TILL, in his capacity as Superintendent

CIV-DIMITROULEAS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

04-60620 /TORRES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Shooster & Kleinman, P.A.
777 South State Rd. 7
Margate, FL 33068  (954)969-5100

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

CIV 04-60620 WPD-Torres

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

20 USC §1400 et seq. (the IDEA) and related statutes for failing to provide education & accommodation to disabled student

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000 (PRELIMINARY ESTIMATE)
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____
DOCKET NUMBER _____

DATE: 5/7/04
SIGNATURE OF ATTORNEY OF RECORD: Tiffany Kleinman

**FOR OFFICE USE ONLY**
RECEIPT # 531026   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____
531026